UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-1227-JBM |
| | ) |
| MICHAEL P. MELVIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action alleging inhumane conditions of confinement at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that he was held in unconstitutional conditions of confinement from December 2016 to April 2017. Plaintiff was in segregation on West House Gallery 1-9 which allegedly was unheated and where the water was contaminated with black ink. Plaintiff alleges that he grieved these conditions and was finally moved to the North House, "for no good

1

reason." When moved, he cursed Major Prentice who responded "welcome to North House," and walked away.

On May 5, 2017, Plaintiff was in a small room on 5 Gallery near the medical unit when Lt. Corley and three Orange Crush Officers allegedly beat him unconscious. When Plaintiff regained consciousness, he was placed in cell 433 where he was left for seven days without a bed or personal property. Plaintiff does not disclose any particular injury but claims he submitted medical request slips and received no response.

Plaintiff's complaint is woefully inadequate. He does not identify the parties responsible for placing him in the alleged conditions of confinement from December 2016 through April 2017. His only claim against Major Prentice is that she said "welcome to North House" and walked away. Plaintiff might be claiming that he was beaten for having cursed Major Prentice, but does not state this. He does not disclose the date he was transferred from West House but the court presumes this was in April 2017, as that is the last date he identifies as being subjected to the inhumane conditions there.

If Plaintiff is alleging that on May 5, 2017, he was beaten by Defendant Corley and three officers, at the direction of Major Prentice, he is stating a new claim unrelated to the conditions of confinement in West House. He also attempts to assert a deliberate indifference claim without alleging any injury or identifying any individuals from whom he requested treatment. Plaintiff's new claim of excessive force, deliberate indifference and conditions of confinement in North House is unrelated to his conditions of confinement in West House and may not be pled in the same complaint. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim

B against Defendant 2. The Seventh Circuit has instructed that such "buckshot" complaints should be "rejected." *Id.*

Plaintiff also discloses that he filed his complaint prior to the completion of the grievance process. Plaintiff is subject to the provisions of the Prisoner Litigation Reform Act which require an inmate to exhaust all available administrative remedies prior to filing suit. 42 U.S.C.§ 1997(e)(a). *See Kincaid v. Sangamon County,* 435 Fed.Appx. 533, 536–537, 2011 WL 2036441 at *3 (7th Cir. 2011). A district court may dismiss a complaint at screening if 'the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous… But the defense must be unmistakable…'" *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016) (internal citations omitted). Here, the determination as to whether Plaintiff failed to exhaust will have to wait for a more fully developed record.

Plaintiff's complaint is DISMISSED with leave to replead within 30 days. It is suggested that Plaintiff either plead his West House conditions of confinement claim or his North House excessive force, deliberate indifference and conditions claim. The other must be filed as a separate suit. Plaintiff is advised that his amended complaint must identify those individuals whom he holds responsible for each constitutional violation.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff must identify the filing as a First Amended Complaint and it must stand complete on its own, without reference to a prior

pleading  The amended complaint must contain all allegations against all Defendants as piecemeal complaints are not accepted.

    2)    Plaintiff's motions for status [7] is rendered MOOT.  Plaintiff's motion for recruitment of pro bono counsel [5] is DENIED with leave to reassert if he files an amended complaint.

ENTERED:  10/18/2017

                                        s/Joe Billy McDade
                                        JOE BILLY McDADE
                           UNITED STATES DISTRICT JUDGE