**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| TRAVIS CAMPBELL, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 17-cv-1227-JBM |
| ) | |
| MICHAEL P. MELVIN, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint alleging excessive force and inhumane conditions of confinement at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On May 5, 2017, Plaintiff was housed in the Pontiac West House in cell number 904. Plaintiff's cell was submitted to a shakedown by Officer Martinez, not a party. After the shakedown, Plaintiff admittedly told the Officer to put his stuff back or he would head-butt her. Plaintiff was given a disciplinary ticket for intimidation/threats, and insolence. He was taken to 5 Gallery on the North House and placed, shackled, in a medical holding room. Major Prentice

approached, stating she heard he had threatened one of her officers. Plaintiff replied, "so what you gonna do?" Plaintiff alleges that Defendant Prentice threatened to have his "head split". She left the room, and three minutes later Defendant Corley arrived with three Orange Crush Tactical Team members. Plaintiff claims that they stomped him in the ribs, back and knees. They allegedly spit in his face and use a racially pejorative term. Plaintiff claims to have lost consciousness and when he awoke, Defendants had him standing, and were bending his wrists backwards.

Plaintiff was taken to the 1 Gallery segregation area and placed in cell number 733. Plaintiff makes the unadorned claim that he was held there for eight days without a blanket, bed or sheets. He does not allege that the cell was cold or that the conditions caused him any harm.

This case shall proceed on Plaintiff's claim that Defendants Prentice, Corley and three Doe Orange Crush Team members subjected him to an unconstitutional use of force. Plaintiff fails to plead an inhumane conditions of confinement claim, however, as he does not allege an extreme deprivation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Conditions which are "restrictive and even harsh" do not reach this standard. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Mere discomfort and inconvenience do not implicate the Constitution. *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir.1986). A prison official does not become liable for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Plaintiff fails to identify an excessive risk to his health or safety and this claim is DISMISSED.

As previously noted, Plaintiff has disclosed that he filed his complaint prior to the completion of the grievance process. While a district court may dismiss at merit review if the existence of a failure to exhaust defense is plainly pled, the Court will reserve this matter for a more fully developed record. *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016).

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force claims against Defendants Prentice, Corley and three Doe Orange Crush Team members. Plaintiff is advised that it will be his responsibility, through initial disclosures and discovery, to identify the Doe Defendants by name. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's Motion for Status [12] is rendered MOOT.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

10. Plaintiff files [5], a motion for recruitment of pro bono counsel and later filed exhibit [8]. While the exhibit contains a handwritten list of several attorneys' offices, it does not

indicate that Plaintiff contacted them and made attempts to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, the attorneys he has contacted.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).
ENTERED: 4/11/2018

_____s/Joe Billy McDade_____
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE